ROHDE *v.* BIGGS.[1]

1. NEW TRIAL—DISCRETION OF CIRCUIT JUDGE—REVIEW ON AP-
PEAL.

The fact that the circuit judge, in denying a motion for a new
trial on the ground that the verdict was against the weight
of evidence, stated that, had the case been submitted to him,
he might have taken a different view of the testimony than
that adopted by the jury, is not a sufficient reason for hold-
ing that he erred in denying the motion.

2. PLEADING—INCONSISTENT COUNTS—ELECTION.

Upon the failure of a building contractor to carry out his
contract, his bondsmen took up the work, and carried it for-
ward to completion. The contractor died before the work
was finished, and the interest of his estate in the contract was
assigned to his bondsmen. In a suit brought by them upon
the contract, one of the counts of the declaration averred the
making of the contract, the faithful and full performance
of its terms by the contractor, the existence of an indebted-
ness to him by reason thereof at the time of his death, and
the assignment to the plaintiffs. Another count averred that
the contractor abandoned the contract, and that plaintiffs
thereupon assumed to complete the same, in consideration
of which defendant promised to pay them the unpaid portion
of the contract price. *Held,* that plaintiffs were entitled to
recover the balance of the contract price in any event, and
that the refusal of the court to compel them to elect upon
which count they would rely was not prejudicial error.

3. PRINCIPAL AND SURETY—BUILDING CONTRACT—ABANDONMENT.
The sureties on the bond of a building contractor have the
right to complete the contract where it is abandoned by the
contractor.

Error to Washtenaw; Kinne, J. Submitted January
15, 1896. Decided February 26, 1896.

*Assumpsit* by Louis Rohde and Anthony Wagner
against William Biggs to recover a balance alleged to be

---

[1] Rehearing denied March 24, 1896.

due on a building contract.   From a judgment for plaintiffs, defendant brings error.   Affirmed.

*Thomas A. Bogle* (*Thompson & Harriman* and *M. J. Cavanaugh,* of counsel), for appellant.

*Charles R. Whitman,* for appellees.

Long, C. J.   The facts in this cause and the questions involved on the trial are so fully covered by the charge of the court that we adopt it as a statement of the case, as follows:

"In October, 1890, the defendant, Mr. Biggs, had a contract for the erection of certain buildings in Ann Arbor, known as the 'University Hospitals.'   Part of this work he sublet to other contractors, and among the number was one John Lucas, to whom he let the contract for doing the mason work on those buildings.   By the terms of this subcontract, Mr. Lucas agreed to finish the buildings on or before October 1, 1891.   For some reason, but what that may be does not appear on this trial, Mr. Lucas failed to carry out his contract; and in the latter part of September, 1891, he retired,—withdrew from the work.   A little later on the plaintiffs in this suit, who were his bondsmen, came forward, and, in place of Mr. Lucas, proceeded to complete the contract.   Mr. Lucas died some time in December, 1891.   Due administration has been had of his estate, and his widow has been appointed administratrix, and whatever claim she may have had in this matter has been assigned to the plaintiffs.

"After the buildings were completed, differences arose between the plaintiffs and defendant respecting these matters, and this suit is the result of their dispute and misunderstandings.   It is undisputed that the original contract, between Mr. Lucas and the defendant, for this mason work, called for the sum of $30,939.84.   The plaintiffs in this suit, in part as assignees of the administratrix of John Lucas, and in part in their own right, seek to recover whatever balance of said contract price remains unpaid, and also seek to recover for certain extras in the line of labor, material, etc., alleged to have been furnished by Mr. Lucas in his lifetime, and by plaintiffs after they assumed to complete this contract; and they claim a balance of some $2,900.   The defendant contro-

verts many of these propositions or claims by the plaintiffs, and insists that nothing remains unpaid on this matter; but that, on the other hand, there is a balance due him, on a full and fair accounting between him and the plaintiffs. I think he claims a balance of some $700.

"If you shall find that the said John Lucas, in his lifetime, and the said Wagner & Rohde, between them, completed this mason work, and furnished the materials therefor, upon said hospital buildings, the plaintiffs are entitled to recover the contract price—namely, $30,939.84 —therefor, less any payments which were made by the defendant thereon either to said Lucas or to plaintiffs, and also less the value of any materials or labor furnished by said Biggs towards the completion of said mason work, and also less' any authorized deductions by reason of changes which were beneficial to the plaintiffs; and the plaintiffs are further entitled to recover the value of any labor or material which might be furnished, either by said Lucas or by these plaintiffs, beyond and in addition to the mason work provided in the original contract between Biggs and Lucas, towards the construction of said hospitals. In addition to whatever amount you may find to be due the plaintiffs under their contract with said Biggs, you should allow to these plaintiffs, as assignees, the value of any extras which were furnished by said Lucas in the construction of said hospitals, and, in addition thereto, the value of any extras which you may find, by the evidence, were furnished by the plaintiffs upon said hospital building.

"Something has been said upon the question, when the case was opened, by plaintiffs or defendant (or both of them, possibly), as to whether or not the defendant was damaged by the failure of Lucas to complete the contract within the time named. Whether or not the defendant was damaged is not material in this case, because there is no evidence of any specific damage, and the defendant in this case could recover none. There is no claim now, on the part of his counsel, for any specific damage that he has sustained by reason of the failure of Lucas to complete his contract; but, in that connection, I give you a request of defendant, as follows: 'It is an undisputed fact in this case that Lucas abandoned his contract with Mr. Biggs before its completion, and there is no evidence in the case that such abandonment was due to any default on the part of defendant, Biggs.'

"In this contract between the University and Mr. Biggs there is this clause: 'Mr. Biggs agrees to do, or cause to be done or furnished, any additional work and material, ordered by competent authority, at the same rates or prices as shown by the schedule for the same kinds of labor or material. Mr. Biggs also agrees to allow the University for any reduction or omissions of work or material required by the contract, and not furnished at the rates shown by the schedule.' That appears in the contract between the University and Mr. Biggs. Now, I say to you, here is a very proper and a very ordinary provision in such contracts. So, if there is any increased labor or material, Mr. Biggs should have pay therefor at the same prices, and, if there are changes made that lessen the cost, the University shall have the benefit thereof. Now, as far as that applies to this case, if you find, from the evidence, that this same (or a similar) arrangement or understanding was had between Mr. Biggs and Mr. Lucas, or that they acted upon such understanding or arrangement, and regarded it as binding upon them, then, while Mr. Biggs must pay for all extra labor and material furnished by plaintiffs or Mr. Lucas, he is likewise entitled to credit for any decrease of labor or material, or reduction in the same, by reason of changes directed by the superintendent, Mr. Reeves.

"In order for the plaintiffs to recover under the contract between Lucas and the defendant, the plaintiffs must satisfy you, by a fair preponderance of the evidence, that, through the administratrix of Mr. Lucas and his bondsmen, the plaintiffs in this suit, this contract has been substantially performed; and in order to recover for said labor and materials they must satisfy you, by the same preponderance of evidence, that they are entitled to recover for them; and this, gentlemen, will constitute the claim of the plaintiffs. The defendant must establish the amount of his payments, his deductions, and his set-offs by a fair preponderance of evidence. His payments, his alleged deductions, and set-offs will constitute his defense, and his claim for a balance in his favor. The defendant is not entitled to any allowance by way of set-off for any changes in the mason work in said hospital buildings, where no arrangement, understanding, or agreement was effected for a deduction from the amount which said Lucas was to recover under his contract with said Biggs.

It depends upon whether there is an understanding or arrangement or not.

"There has been considerable testimony and discussion with regard to the claim of the defendant to a right for credit for a decrease in the cost of plastering. It appears, by the original contract between Lucas and Biggs, that Lucas was to lath and plaster the buildings at the schedule price of 25 cents a yard, and I think all parties agree this was a fair price. It seems that a change was agreed upon, and, in place of common plaster, adamant was used; and while Mr. Lucas, under the contract, would have furnished the common plastering, Mr. Biggs, in fact, furnished the adamant, and he claims a credit of 7 cents a yard therefor. Mr. Lucas furnished the lath and the labor in putting on the adamant, and plaintiffs claim that it required more lath and more labor; while Mr. Biggs claims there was a clear saving of 7 cents a yard. Gentlemen, this question you must determine from all the evidence submitted to you. If it proved to be a benefit to Lucas and his bondsmen, and there was a fair understanding that Biggs was to have credit for this, and you find a credit is due, you will award him credit accordingly. On the other hand, if you find no credit was due, then none should be allowed. In determining the value of doing the plastering after the change from common to adamant and soapstone finish, the cost of the material furnished by defendant, Biggs,— the cost of the adamant,—is wholly immaterial; and if you should find that the cost of doing that work, after such change, was less than it would have been, the defendant is entitled to the gain of such diminished cost.

"Defendant also makes a claim for superintending the completion of the work after the death of Mr. Lucas. This question you must also determine from all the evidence submitted. If you find, from the evidence, that such services were rendered, and were rendered at the request of plaintiffs, with the understanding that defendant was to receive compensation therefor, or were rendered under such circumstances that he had a right to expect pay, then he can recover what those services are reasonably worth; but, if no such request was made by plaintiffs, or either of them, or if these services were rendered under such circumstances that defendant had no right or reason to expect compensation, then, of course, he has no claim for recovery in this case."

The plaintiffs recovered judgment for $2,500, and defendant brings error.

1. The contention of the defendant is that, under the undisputed testimony in the case, the plaintiffs were not entitled to recover. It appears that, after verdict, defendant made a motion for a new trial, and, among other reasons for the same, alleges: (*a*) Because there was no evidence in said cause to support the verdict; (*b*) because the verdict is against the weight of evidence. This motion came on to be heard in the court below, and the court, in overruling it, said:

"It is possible that, had this case been submitted to me, I might have taken a different view of the testimony than the one adopted by the jury; but, howsoever that may be, the issues were submitted to them, and I think there was evidence from which they might fairly reach the conclusion indicated by their verdict, and therefore I do not feel warranted in interfering with the judgment rendered."

Exceptions were taken to the decision, and it is here insisted that the court was in error in not granting the new trial.

Counsel submit a statement which is claimed to contain all the undisputed items on both sides of the account, and which shows a balance due the plaintiffs of only $912.75. We have with considerable care looked over the items of account stated in the brief, and are unable to agree with counsel that these are all conceded or undisputed items. Many of these items, both of debit and credit, seem to have been in dispute; and there appear to be items of account for which plaintiffs made claim on the trial that are not in the account as now made up and presented in brief of counsel, as well as much dispute in the testimony about the correctness of the credits which defendant now sets up. The statement of account now presented here does not appear to have been presented to the court below on the motion for a new trial. As appears by the record, the only papers submitted to the court below were those

used on the trial, and the testimony there taken. A statement of account is now presented which we are asked to say is the true account between the parties. The respective claims of the parties were very fairly left to the jury to determine, and we are not able to say, from this record, that the jury were wrong in the amount found due.

2. It is contended that the court was in error in not compelling counsel to elect upon which count they would rely on the trial. We think there was no error in this. If the counts were inconsistent with one another, the case was submitted upon the right theory. The work was commenced and partly completed by Lucas. He failed to carry out his contract, when the plaintiffs, who were his bondsmen, and had guaranteed the performance of it, took up the work, and carried it forward to completion. Lucas died before the completion of the work. An administratrix was appointed, who assigned all interest which the estate had in the matter to the plaintiffs. In the first count of the declaration, it is alleged that Lucas and defendant entered into a contract; that Lucas faithfully and fully performed all the duties and obligations imposed upon him by the same; that, at the decease of Lucas, the defendant was indebted to him in a large amount for labor performed and materials furnished under said contract; that this indebtedness had been assigned to plaintiffs by the administratrix of said Lucas. The fourth count alleges that Lucas abandoned the performance of the same contract; that plaintiffs assumed the part of Lucas in said contract as to the completion thereof, in consideration of which defendant undertook and promised to pay plaintiffs the part of the consideration stipulated in said contract unpaid to Lucas, in monthly installments, and in the same manner as prescribed in said contract between said Lucas and defendant; and that plaintiffs did immediately enter upon the performance thereof, etc. It is said that the plaintiffs, upon the trial, claimed that, upon this agreement, and in their own right,

they were entitled to recover the indebtedness due to Lucas, and unpaid to him at his decease. Just how these allegations could in any manner injure the defendant it is difficult to see. Plaintiffs were asking to recover the contract price only, in any view of the case. They were entitled to recover either as assignees of the claim or by reason of the agreement upon the part of the defendant to pay. Upon the trial they exhibited their assignment of the claim, and upon that theory were permitted to recover the amount due Lucas, as well as the amount due for completion after Lucas died. There was not, nor could be, any double recovery. They were entitled to recover, in any event, what there might be found due to Lucas as well as the amount due for completion of the contract, together with the cost of the extras, in conformity with the contract. If there was an abandonment of the contract by Lucas, the sureties on his bond had the right to go on to completion. This right seems to have been recognized by Mr. Biggs, and the plaintiffs proceeded with the work. No claim was made for damages in any other sense than as the right to recover what the contract called for.

The other errors assigned do not need discussion. The case was fully submitted to the jury upon the merits, and we find nothing in the record which calls for a reversal of the case.

The judgment must be affirmed. ·

The other Justices concurred.